## (June 29, 1962)

■ (A) In the Matter of the Claim of EMMA HENDRICKS, Appellant, v. ABINGDON AMUSEMENT CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (B) In the Matter of the Claim of ROSE REIDY, Appellant, v. MEREDITH, HEALY & HOLLERMAN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (C) In the Matter of the Claim of LAWRENCE WEINTRAUB, Appellant, v. SAKS FIFTH AVENUE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— [In each action] Motions to dismiss appeals granted by default, without costs. Present— Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ (A) In the Matter of SPORTS ARENA EMPLOYEES, LOCAL 263, INTERNATIONAL HOD CARRIERS, BUILDING & COMMON LABORERS UNION OF AMERICA, A F L, Petitioner, v. NEW YORK STATE LABOR RELATIONS BOARD, Respondent. (B) CLAUDIA BRADLEY, Respondent, v. ANNE FRAZIER, Appellant. CLAUDIA BRADLEY et al., Respondents, v. ANNE FRAZIER et al., Appellants.— [In each action] Appeals dismissed, without costs, unless appellants shall file and serve record, brief and note of issue for the September 1962 Term on or before August 1, 1962, in which event motion denied. Present— Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN WILLIAMS, Appellant, v. COMMISSIONER OF CORRECTION et al., Respondents. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOUGLAS E. DRAKE, Appellant.— [In each action] Permission to prosecute appeals as poor persons granted. Appeals may be perfected upon one typewritten copy of the records and five typewritten copies of the briefs. Motions in all other respects denied. Present— Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of TOMAS RIOS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Permission to prosecute appeal as poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Present— Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of GEORGE BEATTY, Respondent, v. COMMISSION OF INVESTIGATION OF THE STATE OF NEW YORK, Appellant.— Appeal from an order of a Special Term of the Supreme Court, Albany County. The prior taking of petitioner's books and records, considered heretofore in our decisions of March 13 and May 15, 1962, does not alone invalidate a later lawful subpoena calling for production of the same records, whether or not either the original taking or the subsequent retention after demand for their return was illegal. Residual issues that may appear in the actual examination presenting broader questions relating to the petitioner's rights are not reached in this proceeding addressed to the subpoena. The subpoena is technically valid on its face and this record does not demonstrate a sufficient showing of oppression or undue hardship to the petitioner to require judicial interference. Order reversed, on the law and the facts, and petition dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.